IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MIKE FARHAT | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS FARMERS INSURANCE | § | CIVIL ACTION NO. 4:16-cv-1175 |
| COMPANY | § | |
| | § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, TEXAS FARMERS INSURANCE COMPANY ("Farmers"), a Write-Your-Own ("WYO") Program insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] hereby removes the state court action entitled *Mike Farhat v. Texas Farmers Insurance Company*", bearing Case No. 342-289100-16, in the District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and respectfully represents as follows:

### The Parties and Timeliness

1. Mike Farhat filed the referenced state court action against Farmers on November 22, 2016. A true and accurate copy of the state court docket sheet, Plaintiff's Complaint, and any other process, pleadings, orders and any other documents filed in the state court action that

---

[1] 42 U.S.C. § 4001, *et seq*.
[2] *See* 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998); *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 599 (4th Cir. 2002).

were obtained by Defendant are attached and incorporated hereto as part of Exhibit "A," as required by 28 U.S.C. §§ 1446(a) and 1147(b) and Local Rule 81.1.

2.      "Prior to the flood, Plaintiff purchased a Flood Insurance Policy through Texas Farmers Insurance, Policy Number 87056842942015 with an effective date of November 28, 2015 to November 28, 2016. (Complaint, ¶ 4.6) A copy of this Flood insurance Policy is attached hereto as Exhibit "D". (*Id.*) "The policy provided coverage for damage caused by "general and temporary condition of flooding". (*Id.* at ¶ 4.7) "At one point the water level rose to the bottom of the windows of Plaintiff's home on the Property." (*Id.* at ¶ 4.5) Shortly after noting the damage to the Property, Plaintiff contacted Texas Farmers Insurance and made a claim on such policy (Claim No. 370014). (*Id*. at ¶ 4.8)

3.      Defendant Farmers was served with the state court Citation and Plaintiff's Complaint on or about November 29, 2016.  Thirty days have not elapsed since Defendant first received the Complaint through service of process or otherwise, and removal is timely under 28 U.S.C. §§ 1441 and 1446.

### Jurisdiction and Venue

4.      Plaintiff avers that Defendant Farmers denied Plaintiff's flood insurance claim attaching as Exhibit "E" a copy of the denial letter, *i.e.* breach of contract. (Complaint, ¶ 4.9) As a result of the breach, Plaintiff asserts that he has been damaged by having to absorb costs not paid by Farmers under the flood policy as a result of his alleged flood damages. (Complaint, ¶ 4.12) As such, Plaintiff asserts numerous theories of recovery based upon the breach of contract including Declaratory Relief, Insurance Code Violations, Unfair Claims Settlement Practices, Breach fo Duty of Good Faith and Fair Dealing, Failure to Comply with Prompt Payment Statute, Attorney's Fees and interest. (Complaint, Sections A Declaratory Relief¶¶  5.1 – 8.1)

5.     Defendant Farmers participates in and issues SFIPs under the NFIP Write-Your-Own Program. The NFIP is a federal program created pursuant to the NFIA, 42 U.S.C. § 4001, *et seq.*

6.     The payments that Plaintiff seeks in this lawsuit would constitute a direct charge on the public treasury, and would be binding upon the federal government. *Gowland*, 143 F.3d at 953, 955; *Battle*, 288 F.3d at 300; 44 C.F.R. § 62.23(f).

7.     As such, this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R), which vests in the United States District Court for the district in which the insured property is located with original exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP. *See* 42 U.S.C. § 4072.

8.     According to the Complaint, the subject property is located at 106 Harbor Haven St., Southlake, Texas, which is within the jurisdiction of the United States District Court for the Northern District of Texas. Therefore, this Court is the proper Court for removal of this action pursuant to 42 U.S.C. § 4072.

9.     This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's right to relief involves the interpretation of federal statutes and regulations under the NFIP and necessarily depends upon the resolution of substantial questions of federal law. *See, Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000); *see also, Battle,* 288 F.3d at 609.

10.    As a separate basis for federal jurisdiction, removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce.

Under the NFIA, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program. *See, C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 FN3 (3rd Cir. 2004).

  11. Lastly, to the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, as the state law based claims form a part of the same case and controversy.

  12. Promptly after filing this Notice of Removal, written notice will be given to Plaintiff and will be filed with the Clerk of Court for the District Court of Tarrant County, State of Texas, in conformity with 28 U.S.C. § 1446(d).

  WHEREFORE, Texas Farmers Insurance Company prays that this Notice of Removal be accepted as good and sufficient and that the aforementioned action, Cause No. 324-289100-16, in the District Court of Tarrant County, State of Texas be removed to the United States District Court for the Northern District of Texas for further proceedings as provided by law.

Dated: December 28, 2016

    Respectfully submitted,

    **SCHEEF & STONE, L.L.P.**

    By: */s/ Eric C. Wood*
    Eric C. Wood
    Texas State Bar No. 24037737
    2600 Network Blvd., Suite 400
    Frisco, Texas 75034
    Phone: 214.472.2100
    Fax: 214.472.2150
    Email: eric.wood@solidcounsel.com

    AND

    **NIELSEN CARTER & TREAS, LLC**
    Joseph J. Aguda, Jr.
    Fed. ID 559583
    Gerald J. Nielsen
    Fed. ID 26474
    3838 N. Causeway Blvd.  Suite 2850
    Metairie, Louisiana 70002
    Telephone: (504) 837-2500
    Facsimile:   (504) 832-9165
    Email: jaguda@nct-law.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on the 28th day of December, 2016.

Adam D. Chilton
Brown Pruitt Wambsganss Ferrill & Dean, P.C.
600 N. Carroll Avenue, Suite 100
Southlake, Texas 76092

                                                */s/ Eric C. Wood*
                                                Eric C. Wood