

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2017 FEB 10 AM 11: 21

CLERK OF COURT

WC

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| MIKE FARHAT | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:16-CV-01175-A |
| TEXAS FARMERS INSURANCE COMPANY | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE JUDGE JOHN MCBBRYDE, DISTRICT COURT JUDGE:

NOW COMES, Plaintiff, MIKE FARHAT, by and through his undersigned counsel, and hereby files this his Amended Complaint, complaining of TEXAS FARMERS INSURANCE COMPANY (hereinafter "Texas Farmers Insurance"), and for his causes of action would respectfully show unto this Court as follows:

### A. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mike Farhat is and was, at all material times hereto, an individual residing in the State of Texas.

2. Defendant Texas Farmers Insurance Company is an insurance company authorized to do business in the State of Texas, and has already made an appearance in this matter.

3. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072.

4.  Venue is proper pursuant to 28 U.S.C. 1441(a) because the Fort Worth Division of the Northern District of Texas embraces Tarrant County, where this Action was originally filed in state district court by Plaintiff.

**B.  FACTUAL BACKGROUND**

5.  Plaintiff Mike Farhat owns a piece of property commonly known as 1060 Harbor Haven St. Southlake, Texas 76092 (hereinafter the "Property"). The Property is approximately 2.6 acres in size.

6.  The Plaintiff's Property abuts portions of Lake Grapevine, including areas owned by the Army Corps of Engineers.

7.  On or about November 26, 2015, northern portions of Tarrant County, Texas, including the cities of Southlake and Grapevine, experienced record rainfall. On November 26, 2015, the City of Southlake recorded 2.71 inches of precipitation. On November 27, 2015, the City of Southlake recorded 3.45 inches of precipitation. On November 28, 2015, the City of Southlake recorded .99 inches of precipitation. A copy of the weather history reports for each of these days is attached hereto as Exhibit "A".

8.  This level of precipitation resulted in massive flooding in the City of Southlake. Several news publications addressing these floods are attached hereto as Exhibit "B".

9.  The record level of precipitation caused several inland water sources and surface waters to overflow including Lake Grapevine and the surrounding creeks and waterways that flow into it. This overflow of inland waters and surface waters flowed over the road and caused several major roads in the area, including Dove Road, to close. Additionally, this overflow of inland waters and surface waters flowed onto and partially and/or completely inundated the Property. At one point the water level rose to the bottom of the windows of Plaintiff's home on

the Property. Water then entered the home through the exterior bricks and slab and almost completely flooded the first floor of the home. Photographs of the Property after the flooding are attached hereto as Exhibit "C".

10. Prior to the flood, Plaintiff purchased a Flood Insurance Policy through Texas Farmers Insurance, Policy Number **87056842942015** with an effective date of November 28, 2015 to November 28, 2016. A copy of this Flood Insurance Policy is attached hereto as Exhibit "D".

11. The policy provided coverage for damage caused by "general and temporary conditions of flooding". The policy defined a flood as "A general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (at least one of which is your property) from: (a) Overflow of inland or tidal waters; (b) Unusual and rapid accumulation of runoff of surface waters from any source; (c) Mudflow."

12. Shortly after noting the damage to the Property, Plaintiff contacted Texas Farmers Insurance and made a claim on such policy (Claim No. 370014). Texas Farmers Insurance redirected the claim to Colonial Claims Corporation (hereinafter "Colonial") and sent a claims adjuster, Luke Chen, to the Property to inspect the damage. Neither Texas Farmers Insurance nor Colonial provided Plaintiff with a Proof of Loss form to submit.

13. On or about December 21, 2015, Plaintiff received a letter from Texas Farmers Insurance denying his claim against the policy. A copy of this letter is attached hereto as Exhibit "E". The letter cited the language of the policy regarding the definition of a flood and cited the exclusions to such policy. However, the letter did not specify the reason why such claim was denied and neither Texas Farmers Insurance nor Colonial has provided a subsequent explanation for the denial of the claim.

14. On or about February 18, 2016, Plaintiff appealed the denial of his claim to the Federal Emergency Management Agency (hereinafter "FEMA"). A copy of this appeal letter is attached hereto as Exhibit "F"

15. On or about June 15, 2016, Plaintiff received a letter from FEMA denying his appeal and stating that there was no evidence of a "general and temporary condition of flooding" that would trigger coverage under the Flood Insurance Policy. A copy of this letter is attached hereto as Exhibit "G".

16. Plaintiff has been forced to expend substantial sums to mitigate the damages caused by the flood. Plaintiff was forced to hire Mooring Recovery Services, Inc. (hereinafter "Mooring") to provide emergency services to recover, service, and restore the Property. These services included tearing out the carpet and pad in the first floor bedroom, tearing out the insulation on the outside walls of the home, tearing out baseboards in all first floor rooms, tearing out all wet drywall in the home, and packing the items contained in the wine cabinet, bedroom, and garage for temporary storage while the work was being conducted. A copy of the services provided by Mooring along with the invoiced amounts is attached hereto as Exhibit "H".

17. The damage to Plaintiff's Property was directly attributable to an "overflow of inland waters" and/or an "unusual and rapid accumulation of runoff or surface water". Portions of Lake Grapevine and its surrounding creeks and streams overflowed and such water traveled onto and inundated the Property. The Property contains 2.6 acres of "normally dry land area".

18. The claim was properly made under the terms of the policy.

**C.   CAUSES OF ACTION**

**DECLARATORY JUDGMENT**

19. Plaintiff realleges and incorporates paragraphs 1 though 18 of the Amended

Complaint as if fully set forth herein.

20. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*

21. Pursuant to 28 U.S.C. § 2201, this Court has the jurisdiction to declare the rights, status and other equitable or legal relationships whether or not further relief could be claimed. Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent or supplemental relief in addition to seeking a declaratory judgment, pursuant to 28 U.S.C. § 2202.

22. Plaintiff asserts that he is the person interested under policy number **87056842942015** issued to Mike Farhat with an effective date of November 28, 2015 to November 28, 2016, whose status, rights, or other legal relations are affected by the policy. Plaintiff also asserts that the flood that occurred on or about November 28, 2015 met the definition of an insurable event under the aforementioned Flood Insurance Policy and that Defendant Texas Farmer Insurance owes flood insurance benefits to Plaintiff.

23. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has the power to grant further relief based upon a declaratory judgment when necessary or proper. If the application is sufficient, this Court should declare that:

    a. That the flood that occurred on or about November 28, 2015 met the definition of an insurable event under the aforementioned Flood Insurance Policy.

    b. That Texas Farmers Insurance owes flood insurance benefits to Plaintiff.

WHEREFORE, Plaintiff, Mike Farhat respectfully requests that this Honorable Court take jurisdiction over this cause for the purpose of entering an Order declaring the parties' rights, status or other legal or equitable relations, and enter the following declaration: (i) That the flood

that occurred on or about November 28, 2015 met the definition of an insurable event under the aforementioned Flood Insurance Policy; and, (ii) That Texas Farmers Insurance owes flood insurance benefits to Plaintiff.

## BREACH OF CONTRACT

24. Plaintiff realleges and incorporates paragraphs 1 though 18 of the Amended Complaint as if fully set forth herein.

25. By purchasing the Flood Insurance Policy, Policy Number **87056842942015**, Plaintiff entered into a contract with Defendant Texas Farmers Insurance Company.

26. Plaintiff made timely payments on the Flood Insurance Policy and performed all of his duties and obligations under the Flood Insurance Policy.

27. All conditions required by the Flood Insurance Policy for Defendant Texas Farmers Insurance had occurred as the flood that occurred on or about November 28, 2015 met the definition of an insurable event under the terms of the Flood Insurance Policy.

28. Defendant breached the Flood Insurance Policy contract by denying Plaintiff's claims arising out of the flood that occurred on or about November 28, 2015.

29. As a result of Defendant's breach of the Flood Insurance Policy contract, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

## TEXAS INSURANCE CODE VIOLATIONS

30. Plaintiff realleges and incorporates paragraphs 1 though 18 of the Amended Complaint as if fully set forth herein.

31. Defendant Texas Farmers Insurance was notified of the flood in question sometime before December 21, 2015.

32. Despite the fact that all conditions precedent to Defendant Texas Farmers

Insurance's obligation to pay Plaintiff's losses under the Flood Insurance Policy were performed and did occur, Defendant Texas Farmers Insurance fails and refuses to pay Plaintiff's claim.

33. Defendant Texas Farmers Insurance's delay in paying the claim is unreasonable, unlawful, actionable, and the producing and proximate cause of further harm suffered by Plaintiff.

34. As a result of the aforementioned acts Plaintiff has suffered damages in an amount to be proven at trial.

## UNFAIR CLAIMS SETTLEMENT PRACTICES

35. Plaintiff realleges and incorporates paragraphs 1 though 18 of the Amended Complaint as if fully set forth herein.

36. After having received notice of Plaintiff's losses which are covered by the Flood Insurance Policy contract, Defendant Texas Farmers Insurance engaged in unfair settlement practices as set forth in §541.060 of the Texas Insurance Code and §17.46(b) of the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"), which include but are not limited to the following:

   A. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claim once the Defendant Texas Farmers Insurance's liability became reasonably clear;

   B. Refusing to pay the claim without first conducting a reasonable investigation of the matter;

   C. Failing to affirm or deny coverage within a reasonable time;

   D. Making misrepresentations relating to coverage of the insurance contract made the basis of this suit.

37. Plaintiff will show that these acts and/or omissions on Defendant Texas Farmers Insurance's part were done knowingly, that is with an actual awareness of the falsity, unfairness

or deception of the conduct described. As a result, Plaintiff is entitled to additional damages of up to three times the sum of actual damages suffered.

38. As a result of the aforementioned acts Plaintiff has suffered damages in an amount to be proven at trial.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

39. Plaintiff realleges and incorporates paragraphs 1 though 18 of the Amended Complaint as if fully set forth herein.

40. From and after the time Plaintiff's claim was presented to Defendant, Defendant's liability to pay the claim in accordance with the terms of the Flood Insurance Policy, was reasonably clear.

41. Despite there being no basis whatsoever on which the Defendant would have relied to deny payment of the claim, Defendant refused to accept the claim and pay Plaintiff policy benefits.

42. Once Defendant was provided all the relevant documentation, Defendant knew or should have known, by the existence of reasonable diligence, that its liability was reasonably clear.

43. Plaintiff will show the Defendant failed to conduct a reasonable and proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as excuses to avoid paying a valid claim.

44. Consequently, Defendant breached its duty to deal fairly and in good faith with Plaintiff. Defendant's breach was a proximate cause of the losses, expenses and damages by Plaintiff.

45. This breach of duty by Defendant was aggravated by the kind of gross negligence

for which the law allows the imposition of exemplary damages. Defendant's conduct involved an extreme degree of risk of potential harm to Plaintiff and despite Defendant being actually and subjectively aware of the risk involved, Defendant proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff. As a result, Plaintiff seeks exemplary damages in an amount to be assessed by the trier of fact.

46. As a result of the aforementioned acts Plaintiff has suffered damages in an amount to be proven at trial.

### FAILURE TO COMPLY WITH TEXAS PROMPT PAYMENT STATUTE

47. Plaintiff realleges and incorporates paragraphs 1 though 18 of the Amended Complaint as if fully set forth herein.

48. Sometime before December 21, 2015, Plaintiff fully informed Defendant of all the facts relating to Plaintiff's claim under the Flood Insurance Policy.

49. Defendant acknowledged receipt of the claim on December 21, 2015, when they sent Plaintiff a letter denying such claim.

50. Despite being provided with all information necessary to pay the claim, Defendant failed and refuses to pay the claim.

51. Although Defendant received all items requested to process Plaintiff's claim, more than 60 days have elapsed.

52. Accordingly, Plaintiff is entitled to recover reasonable attorney's fees and the additional sum of 18% per annum on Plaintiff's claim from December 21, 2015 until the date of judgment pursuant to Tex. Ins. Code §542.060.

53. As a result of the aforementioned acts Plaintiff has suffered damages in an amount to be proven at trial.

### D.   ATTORNEY'S FEES

54.   Plaintiff realleges and incorporates paragraphs 1 though 53 of the Amended Complaint as if fully set forth herein.

55.   Because of the conduct of Defendant Texas Farmers Insurance, Plaintiff has been compelled to engage the services of an attorney to prosecute this action.

56.   As a result, Plaintiff is entitled to recover a reasonable sum for attorney's fees pursuant to the *Texas Insurance Code* and the *Texas Deceptive Trade Practices Act.*

### E.   CONDITIONS PRECEDENT

57.   Plaintiff realleges and incorporates paragraphs 1 though 56 of the Amended Complaint as if fully set forth herein.

58.   All conditions precedent required by Plaintiff have been performed or have occurred.

WHERETOFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that upon final trial Plaintiff be awarded a judgment in his favor and against Defendant for the following:

1.   A declaratory judgment be entered declaring:

   a.   That the flood that occurred on or about November 28, 2015 met the definition of an insurable event under the aforementioned Flood Insurance Policy.

   b.   That Texas Farmers Insurance owes flood insurance benefits to Plaintiff.

2.   Actual damages including mental anguish suffered by Plaintiff, as set out in this Amended Complaint, in an amount within the jurisdictional limits of the Court;

3.   Exemplary damages as provided by law and/or additional damages up to three times the actual damages, as found by the trier of fact;

4.   Interest in the amount of 18% per annum from December 21, 2015 until the date of judgment on the Plaintiff's claim;

5.  Reasonable attorney's fees;

6.  Costs of suit;

7.  Prejudgment interest and post-judgment interest as allowed by law; and

8.  All other and further relief to which Plaintiff may be justly entitled, whether at law or in equity.

Respectfully Submitted,

_____
Adam D. Chilton, SBN 24092255
Email: achilton@brownpruitt.com
Misty M. Pratt, SBN 24027749
Email: mpratt@brownpruitt.com
Brown Pruitt Wambsganss Ferrill & Dean, P.C.
600 N. Carroll Avenue, Suite 100
Southlake, Texas 76092
Telephone: 817-203-2000
Facsimile: 817-796-2799

**ATTORNEYS FOR PLAINTIFF
MIKE FARHAT**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all counsel of record via Certified Mail, Return Receipt Requested, and/or the Court's CMF/ECF system pursuant to the Federal Rules of Civil Procedure on this 10th day of February, 2017.

Eric C. Wood
Scheef & Stone, L.L.P.
2600 Network Blvd., Suite 400
Frisco, Texas 75034
eric.wood@solidcounsel.com

Kelly M. Crawford
Scheef & Stone, L.L.P.
2700 Lincoln Plaza
500 North Ackard
Dallas, Texas 75201
kelly.crawford@solidcounsel.com

_____
Adam D. Chilton

CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mike Farhat

### DEFENDANTS
Texas Farmers Insurance

**(b)** County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam D. Chilton   600 N. Carroll Ave. Ste. 100
Misty M. Pratt   Southlake, TX 76092
Brown Pruitt Wambsgass Ferrill & Deen, P.C.   817-203-2000

Attorneys *(If Known)*
Scheef & Stone, L.L.P.
Eric C. Wood
Kelly M. Crawford

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 4072

Brief description of cause: Breach of Insurance flood policy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  Removed from this Court
JUDGE: Judge Wade Birdwell    DOCKET NUMBER: 342-289100-16

DATE: 2/10/17
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## Supplemental Civil Cover Sheet for Cases Removed From State Court

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2017 FEB 10 AM 11:21

CLERK OF COURT

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 342nd District Court, Tarrant County, Tx | 342-289100-16 |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

   | Party and Party Type | Attorney(s) |
   |---|---|
   | Plaintiff Mike Farhat | Adam D. Chilton - 24092255  600 N. Carroll Ave. Ste. 100 |
   | | Misty M. Pratt - 24027749  Southlake, TX 76092 |
   | | Brown Pruitt Wambsganss Ferrill + Deen, P.C.  817-203-2a |
   | Defendant - Texas Farmers Insurance | Eric C. Wood |
   | | Scheef + Stone LLP, 2600 Network Blvd. Ste. 400 |
   | | Frisco, TX 75034 |
   | | (214) - 472-2100 |

3. **Jury Demand:**

   Was a Jury Demand made in State Court?   ☐ Yes   ☒ No

   If "*Yes*," by which party and on what date?

   _____   _____
   Party                             Date

4. **Answer:**

   Was an Answer made in State Court?   ☐ Yes   ☒ No

   If "*Yes*," by which party and on what date?

   _____    _____
   Party                               Date

5. **Unserved Parties:**

   The following parties have not been served at the time this case was removed:

   | Party | Reason(s) for No Service |
   |---|---|
   |  |  |
   |  |  |
   |  |  |
   |  |  |
   |  |  |

6. **Nonsuited, Dismissed or Terminated Parties:**

   Please indicate any changes from the style on the State Court papers and the reason for that change:

   | Party | Reason |
   |---|---|
   |  |  |

7. **Claims of the Parties:**

   The filing party submits the following summary of the remaining claims of each party in this litigation:

   | Party | Claim(s) |
   |---|---|
   | Plaintiff Mike Farhat | Breach of Insurance Contract, Texas Insurance Code Violations, Unfair Claims Settlement Practices, Breach of Duty of Good Faith & Fair dealing, Failure to Comply with Texas Prompt Payment Statute. |