IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| MIKE FARHAT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-1175-A |
| | § | |
| TEXAS FARMERS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Texas Farmers Insurance Company, for judgment on the pleadings on plaintiff's extra-contractual claims. Plaintiff, Mike Farhat, has failed to respond to the motion, which is ripe for ruling, apparently conceding that defendant is entitled to judgment as requested.

I.

### Plaintiff's Claims

Plaintiff commenced this action by the filing of a petition in the 342nd Judicial District Court of Tarrant County, Texas. Defendant filed a notice of removal, bringing the action before this court. On February 10, 2017, plaintiff filed his amended petition.

Plaintiff seeks to recover under a flood insurance policy issued through defendant under the government's National Flood Insurance Program. Defendant denied coverage. Plaintiff appealed

the denial of his claim and the Federal Emergency Management Agency denied his appeal, stating that there was no evidence of a "general and temporary condition of flooding" that would trigger coverage under the policy. Plaintiff asserts causes of action for declaratory judgment, breach of contract, Texas Insurance Code violations, unfair claims settlement practices, breach of duty of good faith and fair dealing, failure to comply with the Texas prompt payment statute. He also seeks to recover attorney's fees and interest.

II.

## Grounds of the Motion

Defendant says that all of plaintiff's extra-contractual claims are barred and preempted by federal law. It further says that the court should decline to exercise declaratory judgment since the relief sought is subsumed in plaintiff's breach of contract claim.

III.

## Applicable Legal Principles

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the

2

merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990). Such a motion is reviewed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, that is, whether the complaint provides enough facts to state a claim to relief that is plausible on its face. Jebaco, Inc. v. Harrah's Operating Co., 587 F.3d 314, 318 (5th Cir. 2009); Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008).

IV.

Analysis

As defendant recites in its rather thorough brief, the law is clear that in the context of the national flood insurance program extra-contractual claims (including claims for attorney's fees) are barred and preempted. See Heckler v. Community Health Servs. of Crawford County, Inc., 467 U.S. 51 (1984); Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947); Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397, 400 (5th Cir. 2012); Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005). Further, the national flood insurance program does not authorize interest, before or after judgment. Monistere v. State Farm Fire & Cas. Co., 559 F.3d 390, 398 (5th Cir. 2009).

Where a party seeks declaratory relief and a substantially similar alternative remedy, the court may exercise its discretion to dismiss the declaratory judgment claim. Torch, Inc. v. LeBlanc, 947 F.2d 193, 194 (5th Cir. 1991). Here, any issue regarding contract interpretation will be resolved as part of the breach of contract claim. Accordingly, the court declines to entertain the declaratory judgment claim. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

V.

Order

The court ORDERS that defendant's motion for judgment on the pleadings be, and is hereby, granted, and that plaintiff's claims for relief other than for breach of contract be, and are hereby, dismissed.

SIGNED June 8, 2017.

/s/ John McBryde
JOHN McBRYDE
United States District Judge